### HIRAM KELLY v. DANIEL KELLY.

**Counterclaim.**

    A counterclaim must be a cause of action.

**License to Enter on Land.**

    A license from a stranger to enter on land is not a cause of action against the actual occupant but is only matter of defense against an action for having entered.

**Adverse Possession — Occupancy by Enclosure.**

    Where there is no actual adverse possession an actual possession by the occupant is constructively coextensive with the defined limits of his claim of possession.

**Deeds Evidence of Boundary.**

    Though a deed may pass no title it may be admitted as evidence of boundary.

APPEAL FROM ESTILL CIRCUIT COURT.

December 6, 1865.

OPINION OF THE COURT BY JUDGE PETERS:

The amended answer does not set up any counterclaim. A counterclaim must be a cause of action; and a mere license from a stranger to enter on land is not a cause of action against the actual occupant, but is only matter of defense against an action for having entered.

The patent to M. Kay describes the land as lying in Madison. The deed from M. Kay to Hacket describes the parties as residing in Madison. Estill county was then not established. The deed, therefore, was legally recorded in the County Court office of Madison, and consequently the copy was authenticated by the official certificate of the clerk of the County Court of Madison, and there was no error in admitting it as evidence of boundary. Nor, even though some of the admitted deeds may have passed no title, was there any error in admitting them for defining the actual possession.

Occupancy by enclosure, when there is no actual adverse possession, is an actual possession by the occupant, coextensive with the defined limits of his claim of possession. Fox v. Kenton, 4 Bibb, ——.

Wherefore, according to the testimony, the instructions given by the Circuit Court were neither abstract nor erroneous.  They were all hypothetical, sufficiently included the whole law of the case, and rendered those moved by the appellant superfluous and misleading.

It was not the duty of the court *sua sponte* to define actual possession.

The evidence as to the appellee's actual possession justified the verdict.  Wherefore, the judgment is affirmed.